UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS MCCRACKEN and CE MOBILE INSTALLS, LTD, <br><br> Plaintiffs, <br><br> v. <br><br> REGIONAL TRANSPORTATION COMMISSION of SOUTHERN NEVADA; M.J. MAYNARD; and CARL SCARBROUGH, <br><br> Defendants. | Case No. 2:16-cv-01920-RFB-GWF <br><br> **ORDER** <br><br> Plaintiff's Motion for Leave to Amend (ECF No. 19) |

On May 23, 2017, Plaintiffs Thomas McCracken and CE Mobile Installs, Ltd. (collectively, "Plaintiffs") moved for leave to file an Amended Complaint. (ECF No. 19). On June 6, 2017, Defendants Regional Transportation Commission of Southern Nevada, M.J. Maynard, Carl Scarbrough (collectively, "Defendants"), filed an Opposition to Plaintiffs' motion. (ECF No. 22). Plaintiffs filed a Reply on June 13, 2017. (ECF No. 23).

"A district court shall grant leave to amend freely 'when justice so requires.' . . . this policy is to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (citations and quotation marks omitted); accord Fed. R. Civ. P. 15(a)(2). A district court may consider "undue delay, bad faith, futility of amendment, and prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973); accord Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011). "While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party." Howey, 481 F.2d at 1190; accord Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'" (citations omitted)).

Here, Plaintiffs' request leave to amend to assert additional facts arising out of the same events described in the original Complaint. (ECF No. 19). In the proposed Amended Complaint, Plaintiffs re-assert their Monell claim against Defendant Regional Transportation Authority and raise two First Amendment retaliation claims, against Defendants RTC, Scarbrough, and Maynard in their official capacities, and against Scarbrough and Maynard in their individual capacities. Id.

In opposition, Defendants allege futility, arguing that the proposed Amended Complaint still fails to state a claim upon which relief can be granted. (ECF No. 22 at 4). Additionally, Defendants correctly point out that this Court dismissed Plaintiffs' Monell claim *with* prejudice such that Plaintiffs cannot re-allege that claim. Order. (ECF No. 20). As to Plaintiffs' First Amendment retaliation claims, Defendants do not claim any prejudice or other harm will be caused by the filing of the Amended Complaint. The Court finds that the interest of justice is best served by permitting amendment of the Complaint.

Accordingly,

**IT IS ORDERED** that Motion for Leave to File Amended Complaint, (ECF No. 19), is GRANTED as to the First Amendment retaliation claims. The Monell claim shall be deemed void even with the filing of the Amended Complaint. That claim shall not proceed in this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall DETACH and FILE the First Amended Complaint attached to the motion at ECF No. 19-1.

DATED: March 30, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE